UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALONTE WHITE,

                Petitioner,

    v.                                              9:22-CV-1266
                                                             (GLS)

A. MONTAGARI,

                Respondent.
_____

APPEARANCES:                                                 OF COUNSEL:

ALONTE WHITE
Petitioner, pro se
18-A-0907
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GARY L. SHARPE
United States Senior District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Alonte White seeks federal habeas relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet.").[1] Petitioner also filed an application to proceed in forma pauperis (IFP). Dkt. No. 2, IFP Application.

On November 30, 2022, the Court denied petitioner's IFP application because it was defective. Dkt. No. 3, Decision and Order ("November Order"). Petitioner was given thirty days leave to properly commence the action by either paying the statutory filing fee or filing a

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

properly certified IFP application.  *Id.* at 2.

Petitioner timely complied, filing another IFP application which was properly certified. Dkt. No. 5, Second IFP Application; Dkt. No. 7, Text Order (granting IFP status).  The case was reopened.  Dkt. No. 6, Text Order (restoring action to the Court's active docket).

## II.     THE PETITION

Petitioner challenges a 2018 judgment of conviction in Saratoga County Court, upon a guilty plea, of first degree robbery.  Pet. at 1, 5; *see People v. White*, 185 A.D.3d 1355, 1355 (3rd Dep't 2020).  The New York State Appellate Division, Third Department, affirmed the conviction, and, on December 9, 2020, the New York State Court of Appeals denied leave to appeal.  *See White*, 185 A.D.3d at 1356, *lv. denied*, 36 N.Y.3d 977 (2020).  Petitioner has not indicated that he filed a petition for a writ of certiorari with the Supreme Court of the United States.

Petitioner contends that he is entitled to federal habeas relief because (1) his plea was coerced, Pet. at 7; (2) the People failed to disclose relevant evidence to him, *id.*; (3) his counsel was constitutionally ineffective, *id.* at 2, 5, 7; and (4) his conviction was precipitated by an unlawful arrest, *id.* at 3, 7.  While not listed in the grounds for relief, petitioner also argues that County Court lacked jurisdiction over his criminal matter, presumably because there were alleged infirmities with the grand jury proceedings and charging documents.  *Id.* at 1-5.  For a complete statement of petitioner's claims, reference is made to the petition.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of

their state court criminal convictions. *See* 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *See id.* § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[2]

For purposes of section 2244, a state conviction becomes "final" when the Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *See Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable

---

[2] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

3

tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) in cases where a petitioner can prove actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *See Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see also Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

In this case, the Third Department affirmed petitioner's conviction and, on December 9, 2020, the Court of Appeals denied petitioner's application for leave to appeal. *See White*, 185 A.D.3d at 1356, *lv. denied*, 36 N.Y.3d at 977. Petitioner apparently did not file a petition for a writ of certiorari; therefore, his conviction became final for purposes of AEDPA ninety days later, on March 9, 2021, and he had until March 9, 2022 to timely file his habeas petition. *See* 28 U.S.C. §2244(d)(1); *Saunders*, 587 F.3d at 548-49. The petition was filed on November 18, 2022,[3] Pet. at 8, 254 days — or over eight months — beyond the expiration of the limitations period.

There are also no facts presented in the petition which would indicate that either

---

[3] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). It is not entirely clear when the petition was delivered to prison authorities for mailing, but the latest hand-written date on any of the papers included with the petition is November 18, 2022. Pet. at 9.

4

statutory or equitable tolling apply. Petitioner did not indicate that he has filed any other appeal or collateral attack, in federal or state court. Therefore, the petition appears untimely.

The Supreme Court has held that the district court may raise the statute of limitations issue *sua sponte*, but, before the court may dismiss the petition on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *See Day v. McDonough*, 547 U.S. 198, 209-11 (2006). Accordingly, petitioner is given leave to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order that explains why the statute of limitations should not bar his petition. The affirmation shall not exceed fifteen (15) pages in length. If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

IV.  **CONCLUSION**

**WHEREFORE**, it is

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition. The affirmation shall not exceed fifteen (15) pages in length. Petitioner should state the date(s) upon which he filed any state court applications for relief in which he challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied. If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above. If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so. No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to

review his arguments; and it is further

**ORDERED** that, upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that, if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) without further order of the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

January 11, 2023
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge