UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALONTE WHITE,

                      Petitioner,

-against-                                              9:22-CV-1266 (LEK)

A. MONTAGARI,

                      Respondent.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Petitioner Alonte White seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1 ("Petition"). Petitioner has also filed three affidavits in response to the Court's previous orders requesting briefing regarding timeliness and exhaustion. Dkt. No. 9 ("Affirmation"); Dkt. No. 11; Dkt. No. 12. Respondent filed a limited answer addressing only the issues of timeliness and exhaustion, Dkt. No. 22-2 ("Answer"), along with exhibits regarding Petitioner's previous state court trial and appeal, Dkt. No. 22-3 ("Exhibits").

For the reasons that follow, the Petition is denied and dismissed as time barred.

**II.    BACKGROUND**

    **A.    Conviction in State Court**

On October 19, 2017, a Saratoga County grand jury charged Petitioner with two counts of robbery and three counts of assault. Pet. at 17–19; Exs. at 7–9. On January 11, 2018, Petitioner pled guilty to one count of first-degree robbery in Saratoga County Court, in satisfaction of all charges. See Exs. at 51–66; People v. White, 126 N.Y.S.3d 438 (App. Div. 2020). Prior to accepting the plea agreement, Petitioner confirmed that he entered the plea deal voluntarily, see

1

Exs. at 57; that the plea offer, as recited, constituted the entirety of the promises made to him, see id.; and that he was satisfied with his representation in court, see id. at 56. Petitioner stated he understood that by accepting the plea agreement he forfeited his rights to a trial, to confront witnesses, and to testify in his own defense. See id. at 58. Petitioner also signed an appellate waiver and confirmed he understood he was voluntarily waiving his right to appeal. See id. at 58–59, 67. Based on Petitioner's affirmations and confession, the court accepted Petitioner's guilty plea. See id. at 62–63. In March 2018, in accordance with the plea deal, the court sentenced Petitioner to a determinate term of imprisonment of ten years, with five years of supervised release. See id. at 77.

### B. Direct Appeal

Despite signing the appellate waiver, Petitioner appealed his conviction to the New York State Appellate Division, Third Department ("Third Department"). Exs. at 86–97. On June 26, 2020, the Third Department found that Petitioner's appellate waiver was valid and dismissed the appeal. White, 126 N.Y.S.3d at 438.

### C. Petition

Petitioner challenges his 2018 judgment of conviction in Saratoga County, upon a guilty plea, of first-degree robbery. See Pet. at 2–4.[1] Petitioner contends he is entitled to federal habeas corpus relief for the following reasons: (1) ineffective assistance of trial counsel, see id. at 2, 5, 7; (2) Petitioner agreed to the plea deal involuntarily and without full knowledge, see id. at 7; (3) the Saratoga County District Attorney's Office failed to provide discovery, id.; (4) his arrest was unlawful, see id. at 7–8; (5) the grand jury indictment was fraudulent, see id. at 5; and (6) the Saratoga County Court lacked jurisdiction, see id. at 3. Petitioner seeks immediate release from

---

[1] Page numbers refer to ECF pagination.

2

custody. See id. at 3. Petitioner also asks the Court to stay the action so that he may fully exhaust his state remedies. See Aff. at 2.

Respondent opposes the Petition, arguing that the Petition should be dismissed as time-barred and the motion to stay denied as moot. See Answer at 9–12.

### III. DISCUSSION

#### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal habeas corpus review of state criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period begins on the latest of four dates specified by Section 2244, which, for Petitioner, is the date on which the state criminal conviction becomes final. See Trimm v. Kirkpatrick, No. 18-CV-287, 2021 WL 981814, at *4 (N.D.N.Y. Mar. 16, 2021) (finding the latest date was "usually 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'") (quoting 28 U.S.C. § 2244(d)(1)(A)). A criminal conviction becomes "final" ninety days following the completion of the defendant's direct appeal in the respective state's highest court or, if the defendant timely files for writ of certiorari, upon the completion of proceedings before the United States Supreme Court. Gonzalez v. Thaler, 565 U.S. 134, 149–50 (2012); Williams v. Artuz, 237 F.3d 147, 150–51 (2d Cir. 2001). During the COVID-19 pandemic, however, the deadline for applying for certiorari of lower court decisions filed between March 19, 2020, and July 18, 2021, was temporarily extended from ninety to 150 days. 334 F.R.D. 801.

In this case, the Court of Appeals denied Petitioner's application for leave to appeal his conviction on December 9, 2020. Exs. at 114. Petitioner was therefore eligible for the extended 150-day deadline to apply for a writ of certiorari. However, Petitioner did not seek a writ of

certiorari. Therefore, his conviction became final 150 days after the Court of Appeals denied his application, or on May 10, 2021. Petitioner had one year from that date, or until May 10, 2022, to timely file a habeas petition. See 28 U.S.C. § 2244(d)(1). Petitioner filed this Petition on November 28, 2022—six months after the extended deadline. As such, unless Petitioner can prove he is entitled to a tolling of the limitations period, the Petition is untimely.

### B. Statutory Tolling

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Saunders v. Senkowski, 587 F.3d 543, 548 (2d Cir. 2009). The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. Saunders, 587 F.3d at 548; Smith, 208 F.3d at 16–17.

Here, Petitioner never sought any collateral or other post-conviction relief in state court. See generally Pet. Accordingly, Petitioner is not entitled to statutory tolling.

### C. Equitable Tolling

Equitable tolling applies only in "rare and exceptional" circumstances. Smith, 208 F.3d at 17. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Smith, 208 F.3d at 17.

4

> To show that extraordinary circumstances "prevented" him from filing his petition on time, [a] petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if [a] petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances."

Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Here, construing the Petition liberally, Petitioner alleges that the Saratoga County Supreme Court, the Saratoga County District Attorney's Office, and his trial court attorney conspired to illegally convict and imprison Petitioner, and such conspiracy amounts to an extraordinary circumstance that should excuse his untimely Petition. See Pet. at 2–6. Even assuming any such conspiracy existed, Petitioner provides no evidence that the state trial court conspiracy prevented him from filing a timely habeas petition in federal court, and the Court cannot find such evidence in the record. Therefore, the Court cannot find that the alleged conspiracy, upon Petitioner's conclusory assertions alone, is an extraordinary circumstance that warrants equitable tolling. See Hizbullahankhamon, 255 F.3d at 75.

Accordingly, the Court concludes that Petitioner is not entitled to equitable tolling.

**D.  "Actual Innocence" Exception**

Courts have also recognized an equitable exception to the one-year statute of limitations under § 2244(d)(1) in cases where a petitioner can prove actual innocence. See McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). It is important to stress that "[o]nce guilt is . . . established . . . a federal habeas court will not relitigate the question of guilt for a state defendant who protests his actual innocence. . . . Rather, a federal habeas court will review state convictions for constitutional error." Hyman v. Brown, 927 F.3d 639, 656 (2d Cir. 2019).

5

An actual innocence claim will be recognized only in a "narrow class of truly extraordinary cases [where a petitioner can] present[] credible and compelling claims of actual innocence." Id. (citing Schlup v. Delo, 513 U.S. 298, 338 (1995)) (internal quotation marks omitted). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324; see also Rivas v. Fischer, 687 F.3d 514, 518 (2d Cir. 2012). A "petitioner does not meet the threshold requirement [of actual innocence] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." McQuiggin, 569 U.S. at 386.

Here, Petitioner raises no argument that he is actually innocent based on new reliable evidence, and the Court discerns nothing in the record to suggest Petitioner's actual innocence. Accordingly, the Court concludes Petitioner is not entitled to this equitable exception to save his untimely Petition.

For the above reasons, the Petition is dismissed as untimely.[2]

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Petition, Dkt. No. 1, is **DENIED** and **DISMISSED with prejudice**; and it is further

---

[2] The Court also declines to issue a Certificate of Appealability. See 28 U.S.C. § 2253(c); Banks v. Dretke, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. See Fed. R. App. P. 22(b); 2d Cir. R. 22.1.

**ORDERED**, that Petitioner's motion to stay, Dkt. No. 9, is **DENIED as moot**; and it is further

**ORDERED** that no Certificate of Appealability is issued; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   April 29, 2024
           Albany, New York

LAWRENCE E. KAHN
United States District Judge